UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OMER BULENT YALINCAK, et al., :
  Plaintiffs, :
                                 :
v.                             :   Civil No. 3:07CV00311(AVC)
                                 :
BARACK FERRAZZANO KIRSCHBAUM :
PERLMAN AND NAGELBERG, LLP, :
et al., :
  Defendants. :

## ORDER OF DISMISSAL

This is an action for damages. It is brought pursuant to, <u>inter alia</u>, the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961 <u>et seq.</u> The plaintiffs, various members of the Yalincak family, allege that some twenty-eight named defendants, conspired to unlawfully acquire the plaintiffs' assets through fraud.

On June 13, 2007, the court ordered one of the plaintiffs, Hakan Yalincak, "to show cause as to why this action should not be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)."[1]

The issue presented is whether the allegations of poverty contained in the plaintiffs' motion to proceed <u>in forma pauperis</u> are untrue. For the reasons set forth herein, the court concludes that these allegation are untrue. This action is therefore DISMISSED.

---

[1] Pursuant to 28 U.S.C § 1915(e)(2), where a party has filed an application to proceed <u>in forma paueris</u>, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."

**FACTS:**

Unless otherwise indicated, the court takes notice of the following undisputed, material facts, pursuant to Federal Rule of Evidence 201.[2]

On February 20, 2007, prior to filing the complaint in this matter, Hakan Yalincak, proceeding pro se, filed a motion to proceed in forma pauperis. In that motion, Yalincak declared under penalty of perjury that he was without assets and unable to pay the fees associated with bringing a civil action. Thereafter, the court granted the motion.

A review of the docket of a criminal case in which Yalincak is a defendant reveals that at the time Yalincak filed the present suit, he was accused of bank and wire fraud. In a memorandum filed in that action, Yalincak represented that he had "$121,588.42 in funds on hand," that could be used to secure his pretrial release. At the time he filed the present suit, Yalincak was in fact at liberty on a $1,010,000 bond. Subsequently, Yalincak was adjudicated guilty of bank and wire fraud, and ordered to pay restitution in the amount of

---

[2] Rule 201 permits the court to take notice of any fact which "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Notably, docketed materials "are public records of which the court [can] take judicial notice." Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).

$4,182,000.  Thereafter, he filed an appeal of that judgment, and paid the corresponding filing fee of $455.  Retained counsel represented and continues to represent Yalincak in that matter.

On May 9, 2007, after counsel appeared in the present action for Yalincak and the other plaintiffs, the court ordered the plaintiffs to file a notice with the court verifying the information provided in the motion to proceed in forma pauperis. On May 29, 2007, the plaintiffs filed a response in which they asserted that they "hereby withdraw their application to proceed in forma pauperis."

On June 13, 2007, after briefly reciting the foregoing, and noting that these facts "suggest that Yalincak has filed a false application to proceed in forma pauperis," the court ordered Yalincak "to show cause as to why this action should not be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)." Further, the court invited Yalincak to request a hearing on this matter.

Yalincak did not request a hearing.  Rather his counsel filed a response representing that "at the time [Yalincak] submitted a motion for leave to proceed informa pauperis, he considered himself to be indigent."  In a subsequent filing, Yalincak's counsel reiterated Yalincak's allegations of poverty and noted that to date, he has been unable to make any restitution payments in his criminal case.

**DISCUSSION:**

Title 28 of the United States Code, section 1915(e)(2) provides that where a party has filed a motion to proceed <u>in forma paueris</u>, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). Use of the term "shall" in the statute indicates that this is a mandatory provision, and not a matter within the court's discretion. <u>See</u> <u>Thomas v. GMAC</u>, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.").

In the present case, Yalincak asserted that he no assets, and was unable to pay the fees associated with bringing this action. His responses to the court's queries regarding the truth of these assertions are troubling. Specifically, when asked to verify the information in the motion to proceed <u>in forma pauperis</u>, the plaintiffs sought to withdraw that motion. And when ordered to show cause why this action should not be dismissed, Yalincak offered an unsworn cursory explanation that at the time he filed his motion he "<u>considered</u> himself to be indigent" (emphasis added).

It is uncontested that at the same time he filed the present action, he had retained counsel in a criminal action, and posted bond. Further, in that action, he had previously represented

that he had $121,588.42 on hand. He was later ordered to make restitution in the amount of $4,182,000, and subsequently paid the fees associated with filing an appeal of that judgment. These facts strongly suggest that Yalincak's allegations of poverty in the present case are untrue. Moreover, the court's confidence in the Yalicak's self-serving statements is further undermined by his recent convictions for bank and wire fraud.

In light of the foregoing, the court finds that the allegations of poverty made in the motion to proceed <u>in forma pauperis</u> were untrue. Accordingly, the court's order granting that motion (document no. 2) is VACATED, and pursuant 28 U.S.C. § 1915(e)(2), this action is DISMISSED with prejudice as to Hakan Yalincak. As to the remaining plaintiffs, the action is DISMISSED without prejudice to plaintiffs filing an amended complaint[3] and paying the appropriate filing fees within twenty days of the entry of this order.

It is so ordered this 17th day of July, 2007, at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello
United States District Judge

---

[3] Should the remaining plaintiffs elect to continue this litigation, the complaint should naturally be appropriately amended to reflect Hakan Yalincak's absence from the case.