**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OMER BULENT YALINCAK, et al., : | |
|   Plaintiffs, : | |
| : | |
| v. : | Civil No. 3:07CV00311(AVC) |
| : | |
| BARACK FERRAZZANO KIRSCHBAUM : | |
| PERLMAN AND NAGELBERG, LLP, : | |
| et al., : | |
|   Defendants. : | |

### RULING ON THE PLAINTIFF'S MOTION FOR RECONSIDERATION

This is an action for damages. It is brought pursuant to, inter alia, the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961 et seq. The plaintiffs, various members of the Yalincak family, allege that some twenty-eight named defendants, conspired to unlawfully acquire the plaintiffs' assets through fraud.

On July 18, 2007, the court made a finding that one of the plaintiffs, Hakan Yalincak, made false statements in support of the plaintiffs' motion to proceed in forma pauperis, and dismissed this action with prejudice as to Yalincak, pursuant to 28 U.S.C. § 1915(e)(2).[1]

Yalincak, proceeding pro se, now moves for reconsideration. Specifically, Yalincak "respectfully requests that this Court vacate it's [sic] Order of Dismissal" because: 1) his former "counsel was unable to communicate" with Yalincak regarding his

---

[1] In dismissing this action, the court afforded the remaining plaintiffs leave to pay the appropriate filing fee and re-file an amended complaint.

motion to proceed in forma pauperis; and 2) the court misconstrued a number of factual circumstances regarding this case and a criminal proceeding in which Yalincak is a defendant.

Under the law-of-the-case doctrine, the court "will only reconsider a prior decision in the same case if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). In general, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." LoSacco v. City of Middleton, 71 F.3d 88, 92 (2d Cir. 1995) (internal quotation marks and citations omitted).

While Yalincak's motion for reconsideration is GRANTED, the relief requested therein is DENIED. Yalincak's argument that his incarceration constrained his former counsel's ability to communicate with him is unavailing. This argument has previously been raised by the plaintiffs, was rejected by the court, and is therefore not a proper basis for granting relief. See Shrader, 70 F.3d at 257.

Similarly, the argument that the court relied on several

2

misapprehensions regarding Yalincak's criminal case is also not a proper ground for granting relief. In its order to show cause, the court gave the plaintiffs notice of those facts that served as the basis of the court's suspicion that Yalincak had deceived the court. Yalincak's former counsel in this case was presumably well acquainted with the circumstances of Yalincak's criminal case, as he represents Yalincak in that action. Nevertheless, his counsel chose neither to accept the court's invitation to hold a hearing on this matter, nor to explain how the court's understanding of the relevant facts was mistaken. Accordingly, Yalincak is not entitled to have the court revisit the merits of its decision, having previously been afforded ample opportunity to enlighten the court as to the circumstances now raised. Ultimately, because Yalincak has failed to alert the court to an intervening change in the law, to disclose newly discovered evidence, or to identify a clear error of law, he is not entitled to relief at this juncture. See United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).

Further, Yalincak is not entitled to relief because the within motion is untimely. See D. Conn. L. Civ. R. 7(c)(1) (mandating that motions for reconsideration be filed within ten days of the challenged ruling). Yalincak perhaps deserves some latitude in this regard, in light of his incarceration. With respect however, to this specific inquiry regarding the veracity

of Yalincak's claims of poverty, the court has previously afforded the plaintiffs leave to file an untimely response to an inquiry by the court, granted an extension of time to respond to the order to show cause, invited the plaintiffs to supplement their subsequent filings, and offered to set down a hearing on the matter. Ignoring the untimely nature of the within motion would permit Yalincak to skirt the rules of procedure once more, and would not serve to "secure the just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1.[2]

Accordingly, the motion for reconsideration (document no. 49) is GRANTED, but the relief requested therein is DENIED.

It is so ordered this 26th day of September, 2007, at Hartford, Connecticut.

```
        ___/s/_____
        Alfred V. Covello
        United States District Judge
```

---

[2] Were the court to revisit its previous decision substantively, it is unlikely that it would vacate its finding that Yalincak's statements were untrue. Because of his representations to the court, Yalincak and his fellow plaintiffs, members of his family, were able to commence this action without bearing any costs. Yalincak now admits that his fellow plaintiffs were not indigent. To argue that Yalincak's allegations of poverty were true because he was indigent while his fellow plaintiffs were not is to turn a fraud on the court into a game of wordplay. Cf. Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (holding that when considering an in forma pauperis application, the court may "consider the resources that the applicant has or 'can get'" from family members).